IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

K.R.S., a minor, by his Guardian, Connie McClarnon,

Plaintiffs,

vs.

BEDFORD COMMUNITY SCHOOL DISTRICT, JOE DRAKE, individually and in his official capacity as Superintendent of Bedford Community School District, DANA NALLY, individually and in her official capacity as Principal of Bedford High School, DEB BONDE, individually and in her official capacity as Dean of Students/Special Services Coordinator, and ROBERT MCCOY, individually and in his official capacity as football coach of Bedford High School.

Defendants.

Civil No. 4:13-CV-00147

***COMPLAINT AND JURY DEMAND***

## DIVISION I—PARTIES

1. COMES NOW, the plaintiff, K.R.S., individually, and by and through his legally appointed Guardian, Connie McClarnon, and Connie McClarnon, individually, and file this Complaint against Defendant Bedford Community School District for federal civil rights violations and other personal injuries to K.R.S, and further state as follows:

2. Plaintiffs K.R.S. and Connie McClarnon (hereafter "Plaintiffs") are citizens of the United States and residents of the State of Iowa, Taylor County, and can be served with all

pleadings and filings by and through the undersigned counsel at Slater and Norris, P.L.C., 5070 Grand Ridge Drive, West Des Moines, Iowa 50265.

3. Plaintiff Connie McClarnon is the natural grandmother and court appointed guardian of K.R.S., a minor child.

4. At all times material hereto Defendant Bedford Community School District (hereafter "School District") operated Bedford High School (hereafter "High School") a public school entity with its location being in Taylor County, Iowa.

5. At all times material hereto the School District acted by and through its employees and agents acting in the scope of their employment, including the individual defendants acting in their official capacities.

6. At all times material hereto defendant Joe Drake was the Superintendent of the Bedford Community School District and was acting in the scope of such employment

7. At all times material hereto defendant Dana Nally was the Principal of the Bedford Community High School and was acting in the scope of such employment.

8. At all times material hereto defendant Deb Bonde was the Dean of Students/Special Services Coordinator of the Bedford Community School District and was acting in the scope of such employment.

9. At all times material hereto defendant Robert McCoy was the head football coach at Bedford Community High School and was acting in the scope of such employment.

10. The School District receives federal funding pursuant to Section 504 and is a public entity within the meaning of the ADA.

## DIVISION II—JURISDICTION AND VENUE

11. Jurisdiction of the court is pursuant to 28 U.S.C. § § 1331 and 1343.

12. Jurisdiction is also pursuant to 28 U.S.C. 1367 in that plaintiff asserts certain state law claims that are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue in the Southern District and Central Division is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to plaintiff's claims occurred in that District and Division.

### DIVISION III—GENERAL ALLEGATIONS

14. At all times material hereto K.R.S. was a student of the Bedford Community School District.

15. On numerous occasions prior to October 11, 2012 K.R.S. was the victim of bullying and peer on peer harassment in various forms and to various degrees as those terms are defined by federal and state law.

16. Such harassment included, but was not limited to, Bedford Students calling K.R.S. "stupid" "idiot" "dumb" or "retarded".

17. On such numerous occasions prior to October 11, 2012 such peer on peer harassment as set forth in paragraph 12 was because K.R.S. suffered a disability.

18. Defendants knew of the peer on peer harassment as described in paragraph 12 but failed to investigate and correct such harassment and provide for the protection of K.R.S.

19. Whether or not such harassment occurred in the present of a teacher, coach or other staff of Bedford Community School District, K.R.S. would report it to a teacher, coach or other staff, including at times the individual defendants.

20. When K.R.S. made reports that he had been bullied or harassed defendants would tell him that they would look into the allegation or directed K.R.S. to tell another teacher or coach or that they didn't want to be bothered and walk away.

21. On occasions prior to October 11, 2012 K.R.S. during football practice Bedford football players would throw footballs at K.R.S. and call him "dumb" and "stupid".

22. Prior to October 11, 2012 Defendants knew that football players had thrown footballs at K.R.S. and called him "dumb' and "stupid".

23. Prior to October 11, 2012 defendants knew that the setting and environment of the afterschool football practice was such as to promote, foster and encourage the peer on peer harassment and abuse experienced by K.R.S. and that defendants knew that K.R.S.. had been the subject of such harassment and abuse.

24. On October 11, 2012 K.R.S. was a participant in an afterschool extra-curricular football practice sanctioned by and occurring on the grounds of the School District.

25. K.R.S. was kneeling on the sideline along with other players waiting to be switched out with the players playing on the field when two students, also players, standing approximately 6 feet from K.R.S. repeatedly struck the head of K.R.S. with footballs thrown at high velocity.

26. K.R.S. repeatedly asked the students to stop, but they refused to do so and did not do so until they were switched out from the sideline to the practice field.

27. On October 11, 2012 defendants knew that K.R.S. had been the victim of abuse and harassment by other players on the football team on previous occasions, but failed to take any remedial measures to prevent future instances of abuse and harassment, including that which occurred on October 11, 2012.

28. Shortly following the incident that occurred on October 11, 2012 K.R.S. told defendant Robert McCoy what had happened and the coach said he would look into it but stated he was sure the other players were not trying to hurt him.

29. From the time of the incident on October 11, 2012 to October 19, 2012 the medical condition of K.R.S. deteriorated to a point that he was required to seek emergency medical care at Clarinda Regional Health Center, surgical care at Children's Hospital in Omaha, Nebraska and further rehabilitative care Madonna Rehabilitation Hospital in Lincoln, Nebraska.

30. The aforementioned incidents of harassment to and including that which occurred on October 11, 2012 were sufficiently severe or pervasive that it altered the condition of his education and created an abusive, hostile and dangerous educational environment.

31. The specific incident of October 11, 2012 caused severe traumatic injury to the brain and body of K.R.S. such that K.R.S. is left with permanent physical, emotional, neurological and cognitive deficits that have rendered him permanently and totally disabled and has proximately resulted in the following damages and loss:

    a. Past and future medical expenses;

    b. Past and future pain and suffering'

    c. Past and future loss of full mind and body;

    d. Loss of earning capacity.

## DIVISION IV—VIOLATION OF § 504

32. Plaintiff re-alleges by reference paragraphs 1—31 of Divisions I—III.

33. At all times material hereto, K.R.S. was a person with a disability as defined and used by § 504 of the Vocational Rehabilitation Act, as amended, 29 U.S.C. §§ 794 and 794(a)

and the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008.

34. K.R.S. was denied the benefits of § 504 of the Act as administered by defendants.

35. K.R.S. was discriminated against on the basis of his disability which discrimination caused a hostile and dangerous education environment.

36. Defendants were deliberately indifference to such harassment, bullying and physical assaults experienced by K.R.S. and exercised gross misjudgment or bad faith in failing to appropriately investigate such allegations and complaints and take appropriate remedial measures once they received notice of such harassment and bullying.

37. Defendants Drake, Nally, Bonde and McCoy acted with reckless disregard for the rights of K.R.S. and are thus liable for punitive damages.

38. Defendants are liable for actual damages as provided by law.

39. Defendants are liable for punitive damages as provided by law.

40. Defendants are liable for attorney fees and costs pursuant to 42 U.S.C. § 1988 and other relevant statutes.

WHEREFORE, plaintiffs pray for such damages as will fairly compensation them for their loss, punitive damages to the extent permitted by law and reasonable attorney fees and costs.

## **DIVISION V—VIOLATION OF 42 U.S.C. § 1983—EQUAL PROTECTION**

41. Plaintiff re-alleges by reference paragraphs 1—31 and 33—36 of Divisions I—IV.

42. As a result of his disability K.R.S. was intentionally treated differently from others similarly situated without any rational basis for the disparate treatment.

43. Defendants permitted and acquiesced in the harassment, bullying and physical assaults upon K.R.S. on the basis of his disability and deprived him of equal protection under the law.

44. Defendants' actions adopted and ratified the actions of the students engaging in such conduct, creating an environment of abuse, harassment and bullying within the Bedford Community School District.

45. Defendants failure and refusal to establish necessary procedures, adequately train school employees to address the needs of disabled students and establish and enforce appropriate anti-bullying and anti-harassment policies constitute deliberate indifference, bad faith and gross misjudgment toward the safety of K.R.S.

46. Defendants Drake, Nally, Bonde and McCoy acted with reckless disregard for the rights of K.R.S. and are thus liable for punitive damages.

47. Defendants are liable for actual damages.

48. Defendants are liable for punitive damages to the extent permitted by law.

49. Defendants are liable for attorney fees and costs pursuant to 42 U.S.C. § 1988 and other relevant statutes.

WHEREFORE, plaintiffs pray for such damages as will fairly compensation them for their loss, punitive damages to the extent permitted by law and reasonable attorney fees and costs.

### DIVISION VI—BREACH OF FIDUCIARY AND PROFESSIONAL DUTY

50. Plaintiffs re-allege by reference all of Divisions I, II and III

51. At all times material hereto defendants owed a fiduciary duty to K.R.S. in providing a safe and nurturing environment where teaching and learning can take place.

52. Defendants breached that duty in the following particulars:

    e. In failing to have in place adequate and appropriate policies and procedures to reasonably ensure that K.R.S. would not be harassed, bullied or physically or emotionally abused;

    f. In failing to investigate claims of harassment, bullying and physical and emotional abuse;

    g. In failing to take such remedial measures as to prevent such future harassment, bullying and physical and emotional abuse.

53. Defendant Bedford Community School District further breached its' fiduciary duty in the following particular:

    a. In failing to take reasonable steps in the hiring and supervision of its employees.

54. Defendants' breach was a proximate cause of K.R.S. suffering physical and emotional injury including a severe traumatic brain injury such that K.R.S. is left with permanent physical, emotional, neurological and cognitive deficits that have rendered him permanently and totally disabled and has proximately resulted in the following damages and loss:

    a. Past and future medical expenses;

    b. Past and future pain and suffering'

    c. Past and future loss of full mind and body;

    d. Loss of earning capacity.

55. Defendants' actions were willful and wanton and in reckless disregard of the rights of K.R.S.

56. Defendants are liable for punitive damages to the extent permitted by Iowa law.

WHEREFORE, plaintiffs pray for such damages as will fairly compensation them for their loss and punitive damages to the extent permitted by law.

### DIVISION VII—INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

57. Plaintiffs re-allege by reference all of Divisions I, II and III.

58. Defendants' conduct was outrageous and in reckless disregard of the probability that such conduct would cause severe physical and emotional distress to K.R.S.

59. As a proximate result of such outrageous conduct K.R.S. has suffered severe physical and emotional distress for which defendants, to the extent permitted by law, are liable for both actual and punitive damages.

WHEREFORE, plaintiffs pray for such damages as will fairly compensation them for their loss and punitive damages to the extent permitted by law.

### DIVISION VIII—JURY DEMAND

60. Plaintiffs demand a jury trial of all the legal issues presented in this Complaint.

SLATER AND NORRIS, P.L.C.

_____
Thomas P. Slater, AT0007248
5070 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone:   (515) 221-0918
Facsimile:    (515) 226-1270
E-mail: tomslater@slaterlaw.net

ATTORNEY FOR PLAINTIFF